IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N Y

★ APR 02 2009 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
GIANCARLO GHEDINI,

                        Plaintiff,

-against-

NASSAU COUNTY; NASSAU COUNTY
POLICE DEPARTMENT; DETECTIVE
JOSEPH N. RUBINO, SHIELD #1224; and
P.O. JOHN DOES #1-2; the individual
defendants sued individually and in their official
capacities,

                        Defendants.

-------------------------------------------------------------------X

**COMPLAINT**

**CV ECF CASE 09 1376**

Jury Trial Demanded

(SI)

WEXLER, J.

TOMLINSON, M

## PRELIMINARY STATEMENT

1.    This is a civil rights action in which plaintiff seeks relief for the violation of his rights secured by 42 U.S.C. §§ 1983 and 1985(3), and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York. The claims arise from an incident, which occurred on or about May 23, 2007, relating to an earlier alleged incident that purportedly occurred on April 27, 2007. During the May 23, 2007, incident, Nassau County and members of the Nassau County Police Department, including Detective Joseph N. Rubino, Shield #1224, subjected plaintiff to, among other things, false arrest and imprisonment, intentional and negligent infliction of emotional distress, conspiracy, harassment, abuse of process, malicious prosecution, gross negligence, negligent hiring and retention of incompetent and unfit employees, and negligent supervision, training and instruction of employees.

Plaintiff seeks compensatory and punitive damages, declaratory relief, an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICATION & VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1985(3), and the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

3. Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. §1367 to hear and decide claims arising under state law. Notice(s) of Claim were duly filed on Nassau County and Nassau County Police Department within 90 days of the incident at issue, more than 30 days have elapsed since such filing and Nassau County and Nassau County Police Department have refused to settle plaintiff's claim.

4. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §1391 because some of the acts in question occurred in Nassau County, and Nassau County is subject to personal jurisdiction in the Eastern District of New York.

## PARTIES

5. Plaintiff Giancarlo Ghedini is a citizen of the State of New York, County of Suffolk.

6. Defendant Nassau County is a municipal entity organized under the laws of the State of New York, which violated plaintiff's rights as described herein.

7. Defendant Nassau County Police Department is a municipal entity organized under the laws of the State of New York, which violated plaintiff's rights as described herein.

8. Defendant Detective Joseph N. Rubino, Shield #1224, is a Nassau County Police Department Detective assigned, upon information and belief, to the Second Precinct of the Nassau County Police Department, who arrested plaintiff and violated his rights as described herein.

9. Defendant P.O. John Does #1-2 are Nassau County Police Officers employed with the Nassau County Police Department, Second Precinct, who violated plaintiff's rights as described herein.

10. The individual defendants are sued in their individual and official capacities.

## STATEMENT OF FACTS

11. The following is a summary set forth for purposes of demonstrating, averring, and providing notice of plaintiff's claims against the defendants. Plaintiff has not set forth each and every fact concerning the incident(s) described below.

12. On May 23, 2007, at approximately 9:00 a.m., while at the Second Precinct, Woodbury, New York, at 7700 Jericho Turnpike, Woodbury, New York, officers assigned to the Second Precinct, including Detective Joseph N. Rubino, Shield #1224, illegally seized plaintiff without cause or justification.

13. Plaintiff was arrested without probable cause and given a desk appearance ticket purportedly due to an incident which occurred on or about April 27, 2007. However, the April 27, 2007 incident did not involve plaintiff, and defendants knew or should have known same.

14. While plaintiff was awaiting the return date for his desk appearance ticket, the officers who arrested him, acting in concert, and pursuant to a conspiracy, falsely and

maliciously told the Nassau County District Attorney's Office that plaintiff had committed various crimes and the District Attorney's Office chose to prosecute plaintiff under Docket No.: 2007NA013281.

15. As a result of the officers' actions, plaintiff experienced personal injuries, pain and suffering, fear, an invasion of privacy, psychological pain, emotion distress, mental anguish, embarrassment, humiliation and loss of employment, employment opportunities and income.

16. Nassau County and Nassau County Police Department were aware prior to the aforesaid incident that the officers who violated plaintiff's rights were insufficiently trained and incompetent concerning police tactics and procedures. Nevertheless, Nassau County declined to take remedial measures.

17. Moreover, the County of Nassau and more particularly, Nassau County Police Department, were aware prior to the incident that the individual defendants, including Detective Joseph N. Rubino, Shield #1224, lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, Nassau County and Nassau County Police Department has retained these officers and employees, and failed to adequately train and supervise them.

18. As a result of defendants' actions, plaintiff experienced severe personal injuries and physical injuries, pain and suffering, fear, an invasion of privacy, psychological pain, emotional distress, mental anguish, embarrassment, humiliation and loss of employment, employment opportunities and income.

## FEDERAL AND STATE CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS

19. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

20. The conduct of the defendant officers, as described herein, amounted to false arrest and imprisonment, intentional and negligent infliction of emotional distress, conspiracy, harassment, abuse of process, malicious prosecution, gross negligence, negligent hiring and retention of incompetent and unfit employees, negligent supervision, and training and instruction of employees.

21. The conduct of the defendant officers, including Detective Joseph N. Rubino, Shield #1224, as described herein, violated plaintiff's rights under 42 U.S.C. §§1983 and 1985(3), the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and New York State law, by committing false arrest and imprisonment, intentional and negligent infliction of emotional distress, conspiracy, harassment, abuse of process, malicious prosecution, gross negligence, negligent hiring and retention of incompetent and unfit employees, negligent supervision, training and instruction of employees.

22. Defendants acted under pretense and color of state law and their individual and official capacities and within the scope of their employment. Said acts by said defendants were beyond the scope of their jurisdiction, without authority or law, and in abuse of their powers, and said defendants acted willfully, knowingly, and with specific intent to deprive plaintiff of his rights secured by 42 U.S.C. §§1983 and 1985(3), the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and New York State Law.

23. As a direct and proximate result of the misconduct and abuse detailed above, plaintiff experienced severe personal and physical injuries, pain and suffering, fear, an invasion of privacy, psychological pain, emotional distress, mental anguish, embarrassment, humiliation and loss of employment, employment opportunities and income.

24. The plaintiff is also entitled to receive punitive damages because defendants' actions were motivated by extreme recklessness and indifference to the plaintiff's rights.

## FEDERAL AND STATE CLAIMS AGAINST NASSAU COUNTY

25. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

26. Nassau County directly caused the constitutional violations suffered by plaintiff.

27. Upon information and belief, Nassau County was aware from notices of claim, lawsuits, complaints, and from Nassau County's and Nassau County Police Department's own observations, that the officers involved in the present case were unfit to be police officers, and that it was highly likely that they would commit the acts alleged in the present case.

28. Nevertheless, Nassau County exercised deliberate indifference by failing to take remedial action. Nassau County failed to properly train, re-train, supervise, discipline, monitor, and improperly utilized and retained these officers. Moreover, Nassau County failed to adequately investigate prior complaints against the officers and created a culture where officers can harass and assault citizens without consequence.

23. As a direct and proximate result of the misconduct and abuse detailed above, plaintiff experienced severe personal and physical injuries, pain and suffering, fear, an invasion of privacy, psychological pain, emotional distress, mental anguish, embarrassment, humiliation and loss of employment, employment opportunities and income.

24. The plaintiff is also entitled to receive punitive damages because defendants' actions were motivated by extreme recklessness and indifference to the plaintiff's rights.

## FEDERAL AND STATE CLAIMS AGAINST NASSAU COUNTY

25. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

26. Nassau County directly caused the constitutional violations suffered by plaintiff.

27. Upon information and belief, Nassau County was aware from notices of claim, lawsuits, complaints, and from Nassau County's and Nassau County Police Department's own observations, that the officers involved in the present case were unfit to be police officers, and that it was highly likely that they would commit the acts alleged in the present case.

28. Nevertheless, Nassau County exercised deliberate indifference by failing to take remedial action. Nassau County failed to properly train, re-train, supervise, discipline, monitor, and improperly utilized and retained these officers. Moreover, Nassau County failed to adequately investigate prior complaints against the officers and created a culture where officers can harass and assault citizens without consequence.

Indeed, when citizens file complaints against officers, Nassau County has a practice of failing to substantiate or address the complaint, even under circumstances where the complaint is corroborated and credible, and the account given by the officer is unworthy of belief.

29. The aforesaid conduct by Nassau County violated plaintiff's rights under 42 U.S.C. §§1983 and 1985(3), and the First, Third, Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

30. Moreover, the aforesaid conduct by Nassau County amounted to negligent hiring, training, monitoring and retention of incompetent employees, in violation of state law.

31. Finally, under state law, Nassau County is responsible for its employees' actions under the doctrine of respondeat superior.

WHEREFORE, plaintiff demands a jury trial and following relief jointly and severally against the defendants:

    a. Compensatory damages in an amount to be determined by a jury;

    b. Punitive damages in an amount to be determined by a jury;

    c. Costs, interest and attorneys' fees;

    d. Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

Dated: New York, New York
April 1, 2009

                                        LAW OFFICE OF JAMES COSTO
                                        Attorneys for Plaintiff
                                        32 Broadway, Suite 1710
                                        New York, New York 10004
                                        917.783.1505
                                        costolaw@gmail.com

                                        By:

                                        _____
                                        CORINNE PASCARIU (CP 6417)